960 A.2d 421 (2008)
404 N.J. Super. 42
B & H SECURITIES, INC., a New Jersey Corporation, Plaintiff-Respondent,
v.
Duane D. PINKNEY, Marc J. Palladino, Michael Poisler and Advanced Integration Security, L.L.C. a New Jersey limited liability company, Defendants-Appellants.
No. A-3642-07T3
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 2008.
Decided December 9, 2008.
*422 Starr, Gern, Davison & Rubin, P.C., Roseland, for appellants (Richard T. Welch, and Ronald L. Davison, on the briefs).
Spector & Ehrenworth, P.C., Florham Park, for respondent (Brian D. Spector, of counsel; Judith L. Rosenthal, on the brief).
Before Judges SKILLMAN, COLLESTER and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether an employee's wage claim, filed in the Department of Labor under the Wage Act, N.J.S.A. 34:11-57 to -67, which is removed to the Superior Court for a jury trial, thereupon becomes a Superior Court action subject to the trial court's plenary authority, including the authority to consolidate with other pending actions, or continues to be an administrative claim that must be tried separately from any Superior Court action. We conclude that an employee's Wage Act claim that is removed to the Superior Court for a jury trial is a Superior Court action, which is subject to the same rules of practice and procedure as any other Superior Court action.
Defendants Duane Pinkney, Mark Palladino and Michael Poisler are former employees of plaintiff B & H Securities (B & H), which provides security services such as video surveillance, intrusion detection and fire alarm systems. Pinkney and Palladino resigned from their positions with B & H in June and July 2007. Based on B & H's suspicion that Pinkney, Palladino and Poisler planned to establish a competing business, B & H terminated Poisler's employment shortly thereafter. Pinkney, Palladino and Poisler are all now employed by and/or own an interest in defendant Advanced Integration Security, L.L.C. (AIS), which also provides security services.
In August 2007, B & H filed an action in the Superior Court, Chancery Division, against Pinkney, Palladino and AIS, which asserted claims for misappropriation of trade secrets and confidential information, breach of the confidentiality provision of their employment contracts, breach of the duty of loyalty, tortious interference with contractual relations, unfair competition and breach of the implied covenant of good faith and fair dealing. Pinkney and Palladino filed a counterclaim against B & H, which asserts that B & H owes them commissions as well as vacation and sick pay.
In October 2007, Poisler filed a claim against B & H with the Department of Labor for unpaid wages under the Wage Act. Poisler alleged that B & H owed him $815.38 for two unused vacation days, $4,076.90 severance pay, and a $25,000 bonus.
Shortly thereafter, B & H notified the Department that it intended to remove Poisler's wage claim to the Superior Court and join that claim with its pending action against Pinkney, Palladino and AIS. Although B & H did not thereafter file a demand for a jury trial and pay the statutory fee required to remove a wage claim to the Superior Court for a jury trial, B & H represents that it would have taken those formal steps required for removal to *423 the Superior Court but was prevented from doing so by this appeal. Therefore, we treat B & H's notice of intention to remove Poisler's Wage Act claim to the Superior Court as the functional equivalent of a jury trial demand.
B & H subsequently moved to amend its complaint in the Superior Court action to join Poisler as a defendant and to consolidate that action with Poisler's removed claims under the Wage Act. The trial court granted both motions. The order memorializing these rulings provides that Poisler's Wage Act claims filed in the Department of Labor "shall be considered counterclaims in this case without the need for further filing."
Poisler filed a motion for leave to appeal from the order consolidating his removed Wage Act claim against B & H with B & H's Chancery Division action, which we granted.
The removal of a claim from the Department of Labor to the Superior Court in order to afford either the employee or employer an opportunity for a jury trial is governed by N.J.S.A. 34:11-66, which provides:
Nothing in this article shall prevent the claimant from instituting an action for his claim in any court of competent jurisdiction or be construed to deny or limit the right of the plaintiff or defendant to a trial by jury. Where either party demands a trial by jury, he shall pay, at least two days before the return date or the adjourned date of hearing of his cause, the statutory jury fee to the wage collection division and thereupon the wage collection division of the department shall file the entire record, in the cause, in the Superior Court, for trial by jury of the issues presented by the claimant and defendant. The jury fee so received shall be paid to the court wherein the cause is to be tried by the judge and jury. The judgment shall be docketed in the Superior Court as are other judgments of the wage collection division.
[Emphasis added.][1]
This section has not been interpreted in any published opinion.
Poisler argues that a Wage Act claim removed to the Superior Court under this section "is not thereby converted to Superior Court litigation subject to all the rules and procedures governing such actions," including the rules governing consolidation, but instead continues to be an administrative claim under the Department of Labor's jurisdiction. Poisler contends that this position is supported by the final sentence of N.J.S.A. 34:11-66, which states that "[t]he judgment [based on the jury's verdict] shall be docketed in the Superior Court as are other judgments of the wage collection division." However, judgments of the wage collection division are docketed in the same manner as any other judgment entered in the Superior Court. N.J.S.A. 34:11-58 provides that a "decision or award [of the Department of Labor] shall be a judgment when a certified copy thereof is filed with the Superior Court[ ]" and that "[s]uch judgment shall be entered in the same manner and have the same effect and be subject to the same proceedings as are judgments rendered in suits duly heard and determined by courts of competent jurisdictions." (Emphasis added.) Therefore, the manner of docketing *424 of judgments for Wage Act claims does not provide any support for Poisler's argument that such a claim continues under the Department of Labor's jurisdiction even after it has been removed to the Superior Court for a jury trial.
Moreover, there is no basis in the language of any other section of the Wage Act to support Poisler's argument. Consequently, in the absence of an express provision in the Wage Act stating that a claim removed to the Superior Court for a jury trial remains under the Department of Labor's jurisdiction, we believe N.J.S.A. 34:11-66 should be interpreted to subject such a claim to the plenary control of the Superior Court in accordance with the rules of court, including the rule governing consolidation.
This conclusion is reinforced by the fact that serious constitutional issues would be presented if N.J.S.A. 34:11-66 were interpreted to retain jurisdiction in the Department of Labor over a claim removed to the Superior Court for a jury trial. The Judicial Article confers authority upon the Supreme Court to "make rules governing the administration of all courts in the State and, subject to law, practice and procedure in all such courts." N.J. Const. art. VI, § II, par. 3. This provision confers plenary and exclusive authority upon the Supreme Court for administration of the judicial system. See In re LiVolsi, 85 N.J. 576, 585, 428 A.2d 1268 (1981). Any legislative attempt to divest the Court of this authority by providing that a particular category of case, such as a Wage Act claim, remains within the jurisdiction of an executive agency and is not subject to the rules governing other civil litigation even after removal to the Superior Court, would conflict with the Court's exclusive authority and responsibility for administration of the judicial system. If possible, a court will interpret a statute to avoid raising issues concerning its constitutionality. Gallenthin Realty Dev., Inc. v. Borough of Paulsboro, 191 N.J. 344, 359-60, 924 A.2d 447 (2007). Therefore, even if N.J.S.A. 34:11-66 were susceptible to an interpretation under which the Department of Labor retained jurisdiction over a Wage Act claim removed to the Superior Court for a jury trial, we would decline to interpret this section in a manner that would deprive the Superior Court of plenary control over the claim, including the authority to consolidate that claim with other pending claims.
Finally, we are satisfied that the trial court did not abuse its discretion in ordering such consolidation in this case. In determining whether to consolidate a Wage Act claim with other claims between an employer and employee, a court should, of course, be cognizant of the Wage Act's goal of assuring the prompt payment of wages to employees. However, there is no allegation in this case that B & H failed to pay Poisler's regular wages during the course of his employment. Poisler's claims are solely for two days of unused vacation time, vacation pay and, most significantly, a $25,000 bonus. B & H's claims against Poisler for misappropriation of trade secrets and confidential information, breach of the confidentiality provision of his employment contract, breach of the duty of loyalty, tortious interference with contractual relations, unfair competition and breach of the implied covenant of good faith and fair dealing, if proven at trial, could establish an affirmative defense to certain of Poisler's claims, particularly his claim to a bonus, which presumably depends on the quality of his performance as an employee. Therefore, Poisler's Wage Act claims and B & H's claims against Poisler, as well as the claims and counterclaims between B & H, Pinkney and Palladino, involve sufficient *425 "common question[s] of law or fact" to justify consolidation under Rule 4:38-1(a).
Affirmed.
NOTES
[1] The Wage Act presumably includes this section, which preserves the right to jury trial, on the assumption that the Act provides an administrative mechanism for enforcement of a common law claim for breach of contract, for which the right to trial by jury is protected by Article I, section 9, of the New Jersey Constitution. See Steiner v. Stein, 2 N.J. 367, 372, 66 A.2d 719 (1949).